## Squire Devore vs. The Territory of Oklahoma.

1. If oue is induced by a trick, or a fraud, to give up the possession of his property, and the possession has been for a special purpose, as for security that he will perform his part of a contract, and if, in so surrendering the possession, he still meant to retain the right of property in himself until the full performance of the contract by those with whom he dealt, and the property is appropriated and converted to their own use, by those to whom the possession was thus given, such appropriation and conversion will be larceny.

2. If fraud is used in getting possession of property, which possession is not accompanied with the ownership thereof, and the property is afterward converted to his own use by him who has thus acquired possession the fraud will supply the place of trespass in the taking of the possession of the property, and the conversion will be felonious.

3. When conspiracy is alleged, while it is important that evidence shall first be given of such conspiracy, yet, upon the undertaking by him who charges the conspiracy that such conspiracy will be shown, and it appears to be necessary and important first to introduce conversations had and acts done by any one or more of the alleged conspirators in the absence of the rest, that course will be permitted in the discretion of the court.

4  The loss of instructions, given by the court to the jury, after the trial and before the case is made up for the supreme court upon appeal, is not ground for reversal.

*Error from the District Court of Logan County.*

*John Foster*, for plaintiff in error.

*Harris Huston* and *H. R. Thurston*, for defendant in error.

The opinion of the court was delivered by

McATEE, J.: The plaintiff in error, together with Williams and Anderson, his co-defendants, induced Welborn, the prosecuting witness, to part with the possession of his mules and other property, upon the assurance that he should receive a deed from plaintiff in

error, and his wife, conveying to him, Welborn, certain lots in block 73, in East Guthrie, which they represented to Welborn, that plaintiff in error owned. The representation was false, but by means of it the plaintiff in error, with his confederates, succeeded in getting possession of Welborn's property, and forthwith converted it to their own use. It is evident that Devore conspired with Williams and Anderson fraudulently and feloniously.

Upon the facts offered in evidence, we are to determine whether the defendant was guilty of grand larceny. That is the crime with which Devore, Williams and Anderson are jointly charged in the indictment, and upon which Devore, having demanded a separate trial, the jury found a verdict of guilty against him. We think the evidence abundantly supports the verdict.

If Welborn was induced to part with his property by means of the false representations of Devore and his confederates, and if he meant at the time of parting with the possession of it to part with the ownership also, and was thus defrauded of it, while the offense would be a crime, it would not be that of larceny. But if, on the other hand, while Welborn was thus induced to give up possession of his property to the conspirators, it was delivered merely as security for the performance of his part of the contract, and while he still meant to retain the right of property, and that the ownership of it should not be transferred or passed from him until a good and sufficient deed should be executed to him, by Devore, conveying the whole and unincumbered ownership in the lots in block 73, in East Guthrie, and if Devore and his confederates, or either of them, upon obtaining such possession by the consent of Welborn, appropriated the property and converted it to their own use, that would constitute the crime of larceny.

"The character of the crime depends upon the intention of the parties, and that intention determines the nature of the offense. Where by fraud, conspiracy or artifice the possession is obtained by felonious design, and the title still remains in the owner, larceny is established." (*Williams et al. vs. People*, 67 N. Y. 329).

Trespass is necessary to constitute larceny, and differentiates the crime from that of obtaining property under false pretenses; but if fraud is used in obtaining possession of the property, it will be construed a trespass, and the taking of it so as to make the conversion felonious.

"If rogues conspire to get away a man's money by such tricks as those which are plead here, it is not going beyond the settled rules of law to hold that the fraud will supply the place of trespass in the taking, and so make the conversion felonious."

See *The People vs. Shaw*, 57 Mich. 406, Campbell, J.; *Commonwealth vs. Barry*, 124 Mass. 325; *Leuer vs. Conwell*, 15 Sear. & R. 93; *State vs. Watson*, 41 N. H. 533; *State vs. Humphrey*, 32 Vt. 569; *Miller vs. Wall*, 78 Ky. 15; *Welch vs. The People*, 17 Ill. 339; *The People vs. McDonald*, 43 N. Y, 63; *Smith vs. People*, 53 N. Y. 111; *Justices, etc. vs. Henderson*, 90 N. Y. 12; *State vs. Vickery*, 19 Tex. 326.

What passed between the parties at the time the possession of the property was given to Devore and his conspirators? Welborn testified, and his testimony upon this point was uncontradicted, that upon the papers being placed in escrow, "Williams wanted the property," meaning the mules, etc.; "that he did not want to give it up," but "Williams seemed hurt," and said that "he had turned the papers over, and that he would hold the mules until they came back, and then we would finish up our business," and that he, Welborn, gave up the mules and other property for them to hold— "to stand good until the papers came back"—and that of course they "was to remain mine until they got our papers finished up and then, after

the papers were turned over to me, of course they had the mules; that is, they were placed for him to hold so that he would have something in his possession." It was for the jury to find the facts, and they believed Welborn. They were justified in so doing. He gave up the possession for a specific purpose. They converted the whole property. That was a clear case of larceny, as plain, pronounced and intended as if these confederates had not established the devious arrangement by which they brought about the fraudulent result. It was not different, as to the criminal purpose, or an act of trespass, from going into the stable of Welborn, without his consent, and taking his mules and converting them to their use.

Assignments of error are further alleged, in this, that the court erred in overruling defendant's motion to take from the jury the witness, Welborn's, testimony detailing a conversation with Williams before the prosecution had laid the foundation for such testimony, by introducing evidence to prove collusion or conspiracy between Williams and Devore; and in overruling the objections of defendant to testimony offered by the prosecution as to transactions with Williams and Anderson, and done in the absence of the defendant, and subsequent to the delivery of the property described in the indictment by Welborn to Williams, and admitting such testimony to go to the jury over the objections of the defendant. It is always desirable and important to introduce evidence of a conspiracy first, otherwise the jury might be led into error by inferring a conspiracy where none exists. But upon the offer or understanding that a conspiracy will subsequently be shown, acts, declarations and conversations of one charged with being engaged in a common design, but who is absent, will sometimes be admitted in evidence before the conspiracy is proven. It is in the discretion of the court. Where evidence

has been offered tending to show a conspiracy, the transactions of any one or more of those shown to have been engaged in pursuance of or execution of a common design are admissible, and any one of those who have been afterward shown to have been connected with the conspiracy, will be considered in law as having been a party to such transactions, even though he may have been absent at the time of their occurrence.    These    propositions    are    elementary. (Greenleaf on Evidence, 1, § 111;   Wharton on Evidence, § 1205, each citing many cases.)·

It is further alleged that the court erred in sustaining the plaintiff's objection to the introduction of an affidavit made by Welborn, the prosecuting witness, before S. S. Lawrence, probate judge of Logan county, Oklahoma Territory, on June 28, 1890, and in excluding the same from the jury.   After Welborn's property had been taken from him and appropriated by Williams, Anderson and Devore, he brought suit in the probate court of Logan county against these parties, recovering judgment and payment, and thereafter made an affidavit setting forth that while he, then, prior to March 13, 1893, believed "the defendants had been guilty of fraudulent transactions in which they procured from him the personal property, including mules, etc.," that "after more mature deliberation and more careful investigation" he now, June 28, 1893, (the date of the affidavit), believed "the defendants intended to commit no crime, and that they are innocent," etc.

The proffer of this affidavit was an attempt to substitute the opinion of the prosecuting witness, and to offer that to the jury in lieu of facts.   The jury are the judges of facts, not of opinions.   It would be difficult to conceive a case which more strongly fortifies the rule.   For it could be urged with much force that the witness believed the defendant guilty after the

loss of his property and before he was paid for it, and that after he was paid for it he changed his mind as to the criminality of the act by which his property had been taken from him. In order to determine the value or the worthlessness of his opinion as evidence, it would be necessary to go into an examination to the jury as to whether the payment for the stolen property made to the affiant Welborn had anything to do with his change of opinion and with the making of the affidavit now found in the possession of and produced by Devore; what the value would be, for the guidance of the jury, of Welborn's opinion and conscience, as to the guilt or innocence of Devore, as well as other such inquiries. The affidavit was properly excluded.

The plaintiff in error complains that he has been deprived of his right of review of the instructions of the court, by the fact that they are not to be found in the office of the clerk of the court below, and that he is therofore entitled to a reversal and a trial *de novo*. The court instructed the jury, and upon the evidence under the instructions, the jury found the defendant guilty. The presumptions of law are, in the absence of error, which must be made to appear by the plaintiff in error, that the proceedings of the district court are regular, and that the instructions to the jury gave the law correctly. But it is the privilege of the defendant to bring the case here by appeal, and if it is made to appear to this court that error has been committed, the case will be reversed if the error is material. The defendant is therefore interested in the preservation of the record. If it is not made to appear that error has been committed, the judgment of the district court will stand. If after judgment against a defendant in a criminal case, exceptions reserved and appealed to this court, the defendant should be relieved and the judgment reversed, because the instructions given below were lost from the case,

great difficulty might be experienced in preserving the instructions until the case could be brought here.

Other assignments of error were made by the plaintiff in error. They have been carefully considered and overruled. The defendant was not prejudiced in any respect by the ruling of the district court at the trial. The judgment of the district court is therefore affirmed.

Dale, C. J., having presided below, not sitting; all the other Justices concurring.