[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 55 
The facts sufficiently appear in the opinion.
This is the second appeal in this case. (46 Pac. 723.)
Appellant made the statutory statement to the assessor fixing the value of its main and side track in Washoe county at $131,800. Notwithstanding this it was assessed at $254,200.
The answer alleged that the assessment was out of proportion to and above the actual cash value of the property, in compliance with the statute permitting this defense. (Stats. 1895, p. 139.) *Page 79 
The jury found the value to be $212,200. This is exclusive of rolling stock and other property valued at $19,900, concerning which there was no controversy. Judgment was entered upon the verdict together with penalties, and from the judgment and an order denying a motion for new trial an appeal has been taken.
The record of the former trial does not show that any point was made touching the time of the commencement of the fiscal year — whether in July or January. It seems to have been assumed upon that trial that it commenced upon the first day of July for the purpose of taxation of railroads. The district court instructed the jury that the fiscal year for the purpose of taxation commenced upon January 1st, and there does not appear to be any serious contention concerning the correctness of the instruction.
Upon the former appeal it was decided that the value of the railroad for the purposes of taxation should be determined mainly by its net earnings capitalized at the current rate of interest. In that case it was shown without contradiction that the current rate of interest was eight per cent per annum. In this, it was shown that the rate for loans was not lower than eight per cent, but for investments the rate was six per cent. Money or capital laid out in a permanent form, as in the construction of a railroad, the jury may have concluded was in the nature of an investment and not of a temporary loan, and the rate of interest should be the same as investments command. There was evidence to support either view of the case, and, as all intendments must be taken in support of the verdict in the absence of any express finding to the contrary, we conclude that the jury found the rate of interest to be six per cent per annum.
Appellant claims that its net income as shown by its books was not greater than $28,038 58. Respondent, in support of the judgment, claims that items omitted by appellant should be included in its income and that a greater income should be taken as the basis of capitalization.
It will only be necessary to consider one of these matters.
A reduction of the pay of the officers and employees of the company was effected in the month of May, 1896, by which the operating expenses of the road were reduced at the rate *Page 80 
of $13,839 per annum. It was shown without contradiction that appellant did not necessarily require more officers and employees in the year 1895 than it did in the year 1896. Under this showing it was competent for the jury to have found that the operating expenses of the year 1895 could have been by economical management reduced to the rate that had been subsequently established in 1896. The instruction given to the jury by the court upon its own motion upon this subject appears to be entirely unobjectionable. It is as follows:
"You are instructed that the net income of a railroad company when necessary to be determined for purposes of taxation, is the difference between the gross receipts and necessary expenses under reasonably economical and prudent management. By reasonably economical and prudent management is meant a management conducted with that care, diligence and attention which an ordinarily prudent and careful person, qualified to perform such, would take and exercise if the property so managed was his own. In any particular case, the gross receipts to be considered for said purpose, are not, necessarily, the receipts which were in fact received, but such receipts as would be received under a reasonably economical and prudent management; and the expenses to be deducted, in order to determine the net income, are not, necessarily, the expenses which were in fact incurred, but such expenses as would be incurred under a reasonably economical and prudent management."
Adding the sum of $13,839 to $28,038 we have as the net income of the road, in round numbers, $42,000. This sum capitalized at six per cent represents about $700,000, as the value of the entire road. Washoe county's proportion is about $260,000. As the value of the entire property in the county as fixed by the jury did not exceed $232,100 the property was not overvalued.
It is claimed that the penalties imposed by the statutes in tax cases are not legally enforceable in the present case because the assessment was rendered void by the verdict. Under the act of March 9, 1895 (Stats. 1895, p. 39), it is declared that "where the defense is based upon the ground that the assessment is above the value of the property, the defense shall only be effectual as to the proportion of the tax *Page 81 
based upon such excess, but in no case shall an entire assessment be declared void." And section 48 of the revenue law (Stats. 1891, p. 150) requires that, "in all suits brought for the collection of delinquent taxes, as provided for in the preceding section, the complaint and summons shall demand, and the judgment shall be entered for, twenty-five per centum in addition to the tax of ten per centum thereon and costs; and such tax, penalty and costs shall not be discharged, nor shall the judgment therefor be satisfied, except by the payment of the tax, original penalty, costs, and the additional penalty herein prescribed in full."
These provisions of the statutes answer appellant's contention.
Other points were argued by counsel, but in the view we take of the case they are not necessary to be considered.
The judgment and order are affirmed.
 UPON PETITION FOR REHEARING.
By the Court:
In passing upon the application for a rehearing filed in behalf of the appellants, we deem it necessary to briefly give a statement of the case and of the material facts appearing in the record, that there may not be any misconception of the scope of the opinion, and that the question may be accurately stated.
This action was brought by the respondent to recover certain delinquent taxes, with penalties and attorney's fees under the statute, levied and assessed upon certain property of the Virginia and Truckee Railroad Company, in Washoe county, Nevada.
The appellants, by answer, admitted that the Virginia and Truckee Railroad Company was the owner of the property against which said taxes had been assessed; averred that said property within said county was of no greater value than $131,800, and denied certain other averments of the complaint.
It appears that in June, 1895, H. M. Yerington, general superintendent of said company, delivered to the assessor of Washoe county the statutory statement showing the amount, *Page 82 
character and valuation of the property belonging to said corporation subject to taxation within said county, in which statement the valuation of the main track was fixed by said superintendent at the sum of $128,250, and the valuation of the side track in said county was fixed at $3,550. The assessor valued the said main track at $243,675 and the said side track at $10,650. On the 27th day of September, 1895, the said company appeared before the board of county commissioners of Washoe county, sitting as a board of equalization, and asked, under a proper petition, a reduction of the value of said property from the sum of $274,225 to the sum of $151,704, which request, after hearing and consideration by the board, was refused. The tax becoming delinquent, this action was brought to recover the amount due, under the usual statutory form. Upon a second trial of the action in the district court under the pleadings, a jury found the value of the property in controversy to be $254,321, and from a judgment of the court in favor of the respondent, and from an order denying appellant's motion for a new trial, this appeal has been taken.
The important questions considered by this court upon the hearing of this appeal were as to the sufficiency of the evidence to justify the verdict of the jury, and certain errors of law. It is admitted that the original cost of construction of the company's entire line of railroad from Reno to Virginia City exceeds more than $3,000,000. It was shown by the testimony of Mr. W. H. Kirk, chief engineer of the defendant company, that the cost of constructing a railroad from Virginia to Reno in the year of 1895, equally as good for all the purposes for which the present railroad is designed, and over the same route, would exceed more than $1,000,000. It is vigorously contended on behalf of the appellant that under the rule announced by this court in the case of The State of Nevada v. The C. P. R. R. Co.,10 Nev. 47, and reannounced in this case as reported in the 46 Pacific Reporter, 724, that the value fixed by the jury was in excess of the value shown by the testimony, and therefore not supported by the evidence. In the cases cited it was held that in determining the value of a railroad the first inquiry is to its actual cost, and that cost is its value; *Page 83 
but if it appears if the actual cost was in excess of the necessary cost, the necessary cost is its proper value; and if it further appears that the net income of the road does not amount to current rates of interest on its necessary cost, and is not likely to do so, or if the business of the road is likely to be destroyed or impaired by competition or other cause, or if the utility of the road is not equal to its cost, then its value is less than its cost. It is apparent from the record, that the value of the Virginia and Truckee railroad cannot be fixed at its actual cost. The question then is whether the value fixed upon the road, for the purposes of taxation, by the jury, determined mainly by its net earnings capitalized at the current rate of interest, is supported by the evidence. The rule is too well established to require citation, that this court will not disturb the verdict of a jury where there is substantial conflict in the testimony.
The questions of fact tried and determined by the jury were, the current rates of interest and whether the net income of $25,000 for the year of 1895, claimed by the railroad company, was produced under a careful and economical management and operation of said railroad. In the original brief, filed in behalf of appellants, it is admitted that the net income of the road for the fiscal year of 1895 was about $28,000. This court in its original opinion herein, in passing upon this question, suggested that the reduction of the salaries of the officers and employees of the company, effected in the month of May, 1896, by which the operating expenses of the road were reduced at the rate of $13,839 a year, showed without contradiction that the appellants did not necessarily require more officers and employees in the year 1895 than it did in the year 1896, and that this sum added to the admitted net income of the road would increase that amount to $42,000, which capitalized at six per cent would represent $700,000 as the value of the entire road, of which sum Washoe county's proportion would be about $260,000. The testimony relative to this reduction in the pay of the employees and officers was given by the secretary and bookkeeper of the corporation, and counsel contends that this testimony shall be disregarded and should have been disregarded by the jury for the reason that the witness did not show himself competent to give *Page 84 
testimony as to the reasonableness of the compensation paid to defendant's employees.
We are of the opinion that it did not require an expert to testify to the fact of these reductions. The reductions were made by the corporation defendant, and that fact could be established by any witness having knowledge of the same. Coupled with this testimony the witness testified to the further facts that during the years of 1895 and 1896 there was not any material difference in the traffic operations of the road; that the number of tons handled by the corporation defendant was about the same during these years; that no more employees were required in 1895 to operate and manage the business than in 1896, and that no more officers and clerks were required for one year than for the other. No expert was required to establish these facts. They could be proven by any person who knew the same. If, then, this statement of facts by the witness is true, the jury could very reasonably infer that the net income of the road for the year of 1895, under an economical management, should be increased to an amount of more than $13,000, without imputing bad faith to the company or its management. The same witness, when asked to give a reason for the reduction, answered that the reduction was made on account of hard times generally, and hard times for the railroad particularly, yet the condition during these two years was practically the same in the operation of the road. Some contention is made by counsel with reference to the amount of the reduction that was actually made in 1896, and, from the statement furnished in counsel's brief, we frankly admit that we are unable to give the exact amount.
Other testimony was presented to the jury relative to the economical management of this road during the year of 1895, which tends to support the verdict of the jury, which we did not deem it necessary to consider on the hearing of this appeal. It appears that during the year of 1895 the corporation purchased for use in operating its railroad 6,470 cords of wood, for which the company paid at the rate of $5 15 per cord, delivered at the company's road. Further testimony was introduced showing that during the same period such wood could have been purchased by *Page 85 
the corporation, delivered at its tracks for $3 85 per cord, thereby increasing the net income for the fiscal year of 1895 to an amount of $7,440. Evidence was further introduced to establish the fact that in the purchase of lumber and ties for the use of the road during the year of 1895, a considerable sum could have been saved to be added to the income of the road. This testimony was before the jury, and without saying what weight it should have received, or without passing upon credibility of the witnesses who gave the testimony, and without discussing the reasons for these purchases, we are of the opinion that the jury were justified in considering the testimony and that the testimony tends to support its verdict. It is true that the appellants contend that it does not follow because these supplies could have been purchased at some other place for a less price than where they were purchased, it would have been more economical for the defendant to have purchased at the cheaper place, as the whole matter of difference of expense in getting them to the various points of use on the road and the convenience of those managing the road are left out of the question. This position is not tenable, as it was incumbent upon the appellant, when attacked in this matter to show that the purchases made, on account of convenience and difference of expense in transportation to points of use, were the cheaper, and such proof was peculiarly within its control.
Without going into the testimony upon other items that respondent contends should be considered as a part of the net income of the road for the fiscal year of 1895, and without discussing the merits of these items, we must still hold that the record discloses testimony sufficient to sustain the verdict of the jury as to the net income for that year under an economical management. This was a question of fact to be determined by the jury, and there being evidence in support of their verdict, substantial evidence, evidence that creates a conflict, we cannot disturb the verdict.
With reference to the rate of interest in the counties in which the road is situated, the appellants contend that the evidence upon the former appeal of this case was substantially the same as in this appeal, and that the evidence in this appeal did not justify this court in concluding that *Page 86 
there was evidence authorizing the jury in fixing a lower rate than eight per cent. We are not prepared to say in this opinion what the testimony was on the former trial of this action, neither are we prepared to say that the jury fixed or determined the rate at six per cent. Upon the question of interest the testimony in some respects is not complete, as the testimony does not develop the character of loans upon which interest charges range from eight to twelve per cent. It does not appear what rates are charged upon short time loans based upon personal security, or upon long time loans made upon mortgage security, or rates of interest usually charged upon open and unsecured accounts. It does appear that bonds are issued and sold bearing six per cent interest, and that loans made by a private corporation to its own members upon mortgage securities bear the same rate.
It is not necessary to quibble on the meaning given by this court to the word "current," as its meaning is well established by authority and use. The current rate of interest upon short time loans or upon personal security may be a certain per cent, and the current rate of interest upon long time loans with ample security will be different; also the current rate of interest upon permanent investments, such as railroads, may be different from the current rate upon loans and investments. Taking the testimony as presented by the record, there is nothing shown as to what the current rate of interest in the counties wherein this road is situated is upon property of this character, and the evidence offered as to the rate of interest ranging from six to twelve per cent without any indication as to the character or kind of loan, and in the absence of testimony showing the current rate upon permanent investments other than the rate upon mortgage security and bonds, we still feel justified in saying that under such testimony the jury were authorized in finding six per cent as the current rate upon investments of this character.
It seems to us that while the testimony was meager as to the character of the investments upon which the various rates were or might have been charged, yet there is sufficient testimony to justify the jury in finding that six per cent was the current rate upon investments of this character. *Page 87 
We must therefore conclude that under the rule announced in the case of The State v. The C. P. R. R. Co.,supra, and in the case of The State v. The V. T. R. R. Co., supra, that all questions relative to the economical management of the road for the purpose of determining the net income of the road, and all questions relative to the rate of interest, as a basis of capitalization under the rule, are questions of fact to be submitted to and determined by the court or jury trying the cause. Otherwise the taxpayer in the management of his business could to a great extent defeat the state in its effort to collect valid taxes. In determining these questions a jury have a right, as we think, to inquire into the salaries paid officials of a company, and into the price for supplies and materials and the rates of wages paid to employees. Therefore where the testimony shows that excessive, prices have been paid for supplies, that reductions could be made in the payment of official salaries, a jury have a right to consider such evidence in determining what should be the net income of the road based upon economical management, and where such question has been determined by the jury under evidence in which there is material conflict, this court will not interfere.
Appellants further contend that it was error to allow the penalties provided for by law as a part of the judgment. We cannot sustain this contention. Under the provisions of our revenue law all taxes which have not been paid on or or before the first Monday in December become delinquent and subject to a penalty of ten per centum upon the amount due, and that in all suits brought for the collection of such taxes the complaint and summons shall demand and the judgment shall be entered for twenty-five per centum in addition to the tax of ten per centum thereon and costs, and such tax, penalty and costs shall not be discharged, nor shall the judgment therefor be satisfied except by the payment of the tax, original penalty, costs and the additional penalty prescribed. (Stats. of Nevada, 1891, pp. 146-151.)
The case presented stands as follows: A tax had been duly levied; the property of the defendant corporation upon the return of the statutory statement of its general superintendent had been made to the county assessor of Washoe county with a value fixed thereon; the assessor, in the discharge of his duty as required by law, fixed the value of said property for the purpose of taxation; the defendant corporation, as was its right, appeared before the board of equalization of Washoe *Page 88 
county and requested a reduction in the valuation fixed by the assessor; the board of equalization, acting upon the request of the defendant corporation, judicially determined, as it had authority to, that the assessed valuation — made by the county assessor was proper. The corporation thereupon tendered to the county treasurer the amount of taxes which it considered to be due, based upon its own valuation, an amount less than that fixed by the board of county commissioners and the assessor. The county treasurer was not authorized and had no right to accept a less amount than the sum legally determined to be due, and upon the failure of the railroad company to pay that amount on or before the time required by law, the taxes became delinquent, and upon the institution of the suit by the district attorney the additional penalties attached. Under the provisions of the law, where the defense is based upon the ground that the assessment is above the value of the property, the defense shall only be effectual as to the proportion of the tax based upon such excess of valuation, and in no case shall the entire assessment be declared void. The jury found by its verdict that a greater amount was due for taxes from the railroad company than the amount of its tender. If the railroad company wished to be relieved of the penalties fixed by the law by a legal tender of the amount of taxes due, where that amount under the issues and the law is to be determined by a court or jury, it was incumbent upon the company to make a sufficient tender. It must stand or fall by the sufficiency of its tender. Its estimate of the value of its property in Washoe county not being correct, as determined by the jury, its tender was not sufficient, and it could not be relieved of the penalties due upon the amounts found by the jury. (State v.Carson Savings Bank, 17 Nev. 146.)
No sufficient reasons appearing therefor, the petition for rehearing will be denied. *Page 89