Gleason Durant *et al.* v. State.

No. A-64. Opinion Filed February 2, 1910.

(106 Pac. 651.)

1. **APPEAL—Case-Made—Service—Extension of Time.** When the time granted by the court for preparing and serving a case-made has expired, the court is without power to grant an extension of such time, and any such attempted granting of ex-extension of such time is void.

2. **SAME—Expiration of Time—Effect.** This court cannot consider a case-made served after the expiration of the time granted by the court in which it should be served.

3. **APPEAL—Uncertified Transcript.** A transcript of the record, not certified to by the clerk of the district court, will not be considered on appeal.

(Syllabus by the Court.)

*Appeal from District Court, Pushmataha County; Malcolm Rosser, Judge.*

Gleason Durant and Jane M. Joe were convicted of crime, and appeal. Dismissed.

*J. E. Whitehead,* for appellants.
*Charles L. Moore,* Asst Atty. Gen., for the State.

PER CURIAM. On the 11th day of September, 1908, judgment was rendered against the defendants, and they were allowed by the court 30 days in which to prepare and serve a case-made. The case-made was not served until the 29th day of October, 1908, which was after the time granted by the court had expired. It is true that on said 29th day of October, 1908, the court did grant a further extension of time; but as the time granted in the original order of the court for serving a case-made had expired, the court was without power to grant additional time. That which has already expired cannot be extended. Under our statute applications for and grants of extension of time in which to prepare and serve a case-made must be presented and granted

before the time originally granted has expired. An order of extension, made after the expiration of the time originally granted, is void. The case-made not having been served in the time originally granted, and the subsequent order extending the time being void, we are not at liberty to consider what purports to be the case-made in this record. There is no certificate of the clerk to the transcript of the record. There is nothing before this court which it is authorized to consider. The appeal is therefore dismissed for want of legal case-made and a certified transcript of the record.

Appeal dismissed.