## H. C. HOUCK v. STATE.

No. A-1.  Opinion Filed February 7, 1910.

(106 Pac. 977.)

APPEAL—Service of Case-Made—Expiration of Time. If a judgment allowed accused 60 days in which to prepare and serve a case-made, a service thereof 61 days thereafter would not give the appellate court jurisdiction of an appeal upon the case-made alone.

(Syllabus by the Court.)

*Appeal from Bryan County Court; Charles A. Phillips, Judge.*

H. C. Houck was convicted of obstructing a highway and appeals. Dismissed.

*H. H. Loden,* for appellant.

*C. L. Moore,* Asst. Atty. Gen., for the State.

PER CURIAM. The following motion to dismiss this appeal was filed by the Attorney General:

"Comes now the Attorney General and moves the court to dismiss the pretended appeal herein, and to issue its mandate to the trial court, directing it to forthwith proceed to the execution of its judgment and sentence in said cause, for the reason following, that is to say: (1) That the pretended record herein is not

certified to by the clerk of the county court, from which the cause is attempted to be appealed, and cannot be considered as a transcript of the record. (2) That the certificate of the trial judge, purporting to allow and settle the pretended case-made, is insufficient, in that it does not attempt to state that the pretended case-made contains any of those essentials properly constituting a case-made, such as the information, trial, evidence, instructions, verdict, judgment, sentence, motion for new trial, exceptions, order granting an appeal, etc., but is simply certified as a conclusion of law on the part of the judge that it is a case-made and that he now settles and signs the same as a true and correct case-made. (3 The record affirmatively shows that said certificate of the trial judge was not made until July 27, 1908, and that, the case-made was not thereafter filed in the office of the clerk of the county court, and for that reason never became a part of the record in said cause, so that the same can be considered here. (4) The filing of said pretended case-made in the office of the clerk of the county court on July 10, 1908, before the same was served on opposing counsel, or before allowed and settled by the trial judge, was ineffectual for any purpose, and could give the appellant no additional rights. (5) Because said pretended case-made was not served, if at all, on the county attorney, until July 11, 1908, which was more than 60 days after May 11, 1908, the time limited by order of the court for serving same, and that at the time of the attempted service said cause had become final, and was not thereafter subject to appeal. (6) The leaving of a case-made or notice of appeal, in the office of the county attorney in his absence does not constitute legal service of same upon the county attorney at all, and especially is this true if he does not have knowledge of the same until the time for serving has fully elapsed."

The defendant appealed upon a case-made alone. There is nothing in the certificate of the county judge which would authorize this court to treat the record filed as a transcript of the record. There is nothing in the case-made which attempts to show that it was ever served upon the county attorney. It is true that, after the signature of the county judge settling the case-made, there is attached to the case-made the following certificate of the county attorney of Bryan county:

"State of Oklahoma, Bryan County. I, J. T. McIntosh, county attorney of Bryan county, state of Oklahoma, do hereby certify and acknowledge that a copy of the foregoing case-made

was found by me in my office on the 11th day of July, 1908. J. T. McIntosh, County Attorney of Bryan County, Oklahoma."

The alleged judgment in this case purports to have been rendered on the 11th day of May, 1908. It allowed the defendant 60 days in which to prepare and serve a case-made. Even if the judgment was so certified to as to enable us to treat it as a part of a transcript of the record, and even if we could treat the certificate which follows the case-made in the record before us as a part of the case-made, it shows that it did not come into the hands of the county attorney until 61 days after the rendition of the alleged judgment against the defendant. The time granted for serving the case-made having expired, no court has the power to extend such time, and any alleged service of such case-made after the expiration of such time would not restore to life that which was already dead.

For these reasons, the motion to dismiss this appeal must be sustained.

Appeal dismissed.