## J. H. LEDGERWOOD v. STATE.

No. A-428.    Opinion Filed May 26, 1910.

(109 Pac. 735.)

*Appeal from Comanche County Court; James H. Wolverton,
Judge.*

J. H. Ledgerwood was convicted of a violation of the pro-
hibition law, and appeals. Affirmed.

*Jennings & Diffendaffer,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

PER CURIAM. The plaintiff in error was convicted in the
county court of Comanche county for the crime of unlawfully hav-
ing in his possession intoxicating liquor, and was on July 17,
1909, sentenced to be fined the penal sum of $100; together with
costs, and that he be imprisoned in the county jail for a period
of 60 days from and after his commitment thereto, and for such
further time as shall satisfy said fine and costs, if the same be
not paid. From such judgment an appeal was taken by filing in
this court November 12, 1909, a petition in error with case-made
attached.

Counsel for the state on March 29, 1910, filed a motion to
strike the case-made and to dismiss the appeal for the reason:

"That from the journal entry of said judgment from which
plaintiff in error undertakes to prosecute this appeal it appears
that the judgment was rendered on the 17th day of July, 1909,
and that plaintiff in error was granted 45 days from that day in
which to make and serve a case-made, which said period of 45 days
expired on and with the 31st day of August, 1909. That there-
after, to wit, on September 1, 1909, and after the trial court had
lost jurisdiction of said cause for the purpose of extending the
time in which said case-made might be prepared and served, plain-
tiff in error made application for an extension of time, which the
trial court undertook to grant. But the state of Oklahoma says
that said order of the said trial court so undertaken to extend
the time in which a case-made might be prepared and served after

the time had once expired, was beyond the power of the trial court, or the judge thereof, and therefore was null and void. That the record further shows that said pretended case-made attached to plaintiff in error's petition in error was not served until the 29th day of October, 1909."

An examination of the record discloses that the motion to strike the case-made is well taken and that part of the state's motion is sustained.

The examination further shows that upon the certificate of the county judge the case contains a full transcript of the record, and for this reason the motion to dismiss the appeal will be over-ruled, and the case considered upon the transcript. We have examined the information, the instructions of the court, and the judgment and sentence, and we have discovered no error which will warrant a reversal of the judgment.

The judgment of the county court of Comanche county is therefore in all things affirmed, and the cause is remanded, with directions to enforce the judgment and sentence.