## J. H. LEDGERWOOD v. STATE.

No. A-427.    Opinion Filed May 26, 1910.

(109 Pac. 735.)

1.    APPEAL—Case-Made — Time of Filing. The record shows a judgment of conviction rendered July 17, 1909, and that plaintiff in error was granted 45 days in which to make and serve a case-made; that after the expiration of such time he applied for an extension of time, which was granted, and the case-made was not served until October 29, 1909. Held, that the case-made will be stricken from the record.

2.    APPEAL—Transcript of Record. Where the certificate of the county judge on appeal states that the case contains a full transcript of the record, a motion to dismiss after the case-made is stricken from the record will be denied, and the case considered on the transcript.

*Appeal from Comanche County Court; James H. Wolverton, County Judge.*

J. H. Ledgerwood was convicted of a violation of the prohibition law, and appeals. Affirmed.

*Jennings & Diffendaffer* and *Hammon & Ellis,* for plaintiff in error.

*Fred S. Caldwell,* for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Comanche county for the crime of unlawfully selling intoxicating liquor, and was on July 17, 1909, sentenced "to be fined the penal sum of $200, together with costs, and that he be imprisoned in the county jail for a period of 90 days from

and after his commitment thereto, and for such further time as shall satisfy said fine and costs, if the same be not paid." From such judgment an appeal was taken by filing in this court November 12, 1909, a petition in error with case-made attached.

Counsel for the state on March 29, 1910, filed a motion to strike the case-made and to dismiss the appeal for the reason:

"That from the journal entry of said judgment from which plaintiff in error undertakes to prosecute this appeal it appears that the judgment was rendered on the 17th day of July, 1909, and that plaintiff in error was granted 45 days from that day in which to make and serve a case-made, which said period of 45 days expired on and with the 31st day of August, 1909. That thereafter, to wit, on September 1, 1909, and after the trial court had lost jurisdiction of said cause for the purpose of extending the time in which said case-made might be prepared and served, plaintiff in error made application for an extension of time, which the trial court undertook to grant. But the state of Oklahoma says that said order of the said trial court so undertaken to extend the time in which a case-made might be prepared and served after the time had once expired was beyond the power of the trial court, or the judge thereof, and therefore was null and void. That the record further shows that said pretended case-made attached to plaintiff in error's petition in error was not served until the 29th day of October, 1909."

An examination of the record discloses that the motion to strike the case-made is well taken, and that part of the state's motion is sustained.

The examination further shows that upon the certificate of the county judge the case contains a full transcript of the record, and for this reason the motion to dismiss the appeal will be overruled, and the case considered upon the transcript. We have examined the information, the instructions of the court, and the judgment and sentence, and we have discovered no error which will warrant a reversal of the judgment.

The judgment of the county court of Comanche county is therefore in all things affirmed, and the cause is remanded, with direction to enforce the judgment and sentence.