## CHARLES TAYLOR v. STATE.

A-118.    Opinion Filed December 7, 1910.

1.   APPEAL—Case-Made—Service—Time.   When the time provided by law for preparing and serving a case-made has expired before being served upon the county attorney, the case-made will be stricken from the record.

2.   INTOXICATING LIQUORS—Indictment and Information—Sufficiency.   Selling, giving away, bartering, or furnishing intoxicating liquors, occurring at one and the same time, constitutes but one offense, and may be charged in one count in the same information or indictment.

(Syllabus by the Court.)

*Appeal from Pottawatomie County Court; E. D. Reasor, Judge.*

Charles Taylor was convicted of violation of the prohibitory law, and appeals.   Affirmed.

*Freeling & Hood,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE.   First.   Sentence was pronounced upon the defendant on the 18th day of March, 1908. The record fails to show any action of the trial court in extending the time provided by law within which the defendant might prepare and serve a case-made.   The record further shows that the case-

made was not served upon the county attorney until the 16th day of January, 1909. As the time for serving the case-made had expired for nearly nine months before the case-made was served; such service of the case-made is void and the case-made must be stricken from the record.

Second. Considering this appeal upon the transcript of the record we find that the appellant filed a demurrer to the information upon the ground that it charges two separate and distinct offenses, one for selling and the other for furnishing intoxicating liquors, which demurrer was by the court overruled, to which the defendant excepted. We do not think that this demurrer should have been sustained by the trial court. Where the defendant is charged with having sold, given away, bartered, or furnished intoxicating liquors at one and the same time, such selling, bartering, giving away, or furnishing constitutes but one offense, and may be charged in one count in the same information or indictment; and proof that the defendant either sold, gave away, bartered, or furnished intoxicating liquors at one and the same time so as to constitute but one transaction will sustain a verdict of guilty under such information.

The verdict of the jury and the judgment of the court are in proper form. The conviction of the appellant is therefore affirmed, with directions to the sheriff of Pottawatomie county to proceed to execute the judgment of the lower court.

DOYLE and RICHARDSON, JUDGES, concur