## HARRY COHN v. STATE.

### No. A —300. Opinion Filed December 19, 1910.

1. **APPEAL—Review—Case-Made—Service.** No case-made will be considered on appeal unless it is affirmatively shown that it was served upon the county attorney within the time fixed by the trial court for that purpose.

2. **APPEAL—Transcript—Certification by Special Judge.** A special judge for the trial of a single case in the county court cannot, after the rendition of final judgment, certify a transcript of the record in such case, he not being the custodian of the records.

(Syllabus by the Court.)

*Appeal from Pittsburg County Court; T. D. Davis, Special Judge.*

Harry Cohn was convicted of violating the prohibition law and sentenced to imprisonment for a term of six months and to pay a fine of $500. He filed a motion for a new trial, which was heard and overruled, and he appeals. Appeal dismissed.

*J. G. Harley* and *Stuart, Gordon & Liedtke,* for plaintiff in error.

*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE. The only matter contained in the case-made herein which purports to show that the same was ever served upon the county attorney is the following:

"I, the undersigned, county attorney for Pittsburg county, Oklahoma, attorney of record for the above named plaintiff, do hereby waive notice of the time and place of presenting the above and foregoing case-made to the judge of said county court, before whom said cause was tried, for settlement and signing, and hereby waive and agree that said case-made may be presented to

said judge for settlement and signing, and be settled and signed and allowed by said judge at any time when it may be convenient for him to do so. (Signed) T. R. Dean, county attorney, by J. Read Moore, assistant county attorney."

This waiver and agreement does not accept service of the case-made or waive the suggestion of amendments. It does not show that the case-made was ever served. Moreover the waiver and agreement is not dated, and the time of its execution is left wholly to conjecture. No case-made will be considered by this court unless it is shown positively and affirmatively that it was served upon the county attorney, and that it was so served within the time fixed by the trial court for that purpose.

Nor can we treat any portion of the papers before us as a transcript of the record. The cause was tried before a special judge, and the special judge has certified the case-made. This he had the power to do by statute, but he had no authority to certify a transcript. A transcript of the record proper can be authenticated only by the custodian of the record, and this the special judge is not. The regular judge of the county court is the custodian of the records of the county court, just as the clerk of the district court is the custodian of the records of that court. *Durant v. State,* 3 Okla. Cr. 447, 106 Pac. 651; *Lewis v. State,* 3 Okla. Cr. 448, 106 Pac. 647. The special judge, thirty days after the rendition of judgment in this case, could no more certify a transcript of the judgment, orders and files in the case than he could today, by appending his certificate to a copy of any journal entry in the county court, make the same a legally certified copy. He has no more power in such case to certify a transcript of the record than the regular county judge or the clerk of the district court would have after the expiration of their term of office.

The appeal in this case is therefore dismissed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.