## ANNIE WILLIAMSON v. STATE.

No. A-176.   Opinion Filed February 6, 1911.

(113 Pac. 232.)

1.     APPEAL—Case-Made Not Served in Time—Affirmance. When a case-made is not served within the time allowed by the trial judge, it will be stricken from the record and the case will be affirmed. unless prejudicial errors appear in the transcript.

2.     APPEAL—Case-Made—Making and Serving—Extension of Time. The trial judge has no authority to make an order extending the time for making and serving case-made after the time originally given has elapsed.

3.     SAME—Sufficiency of Application—Record. Extensions of time within which to make and serve case-made should be secured by written application presented to the court or judge and a written order made by him signed and entered in the record.

(Syllabus by the Court.)

*Appeal from Okmulgee County Court; M. M. Alexander, Judge.*

Annie Williamson was convicted of unlawfully maintaining a place wherein intoxicants were kept for sale, and she appeals. Affirmed.

*Stanford & Cochran,* for appellant.
*Fred S. Caldwell,* for the State.

ARMSTRONG, Judge. This case was tried in the county court of Okmulgee county in November, 1908, the appellant being convicted on the 23d day of said month. Motion for a new trial was properly filed, and was by the court overruled on the 28th day of November, 1908, whereupon the appellant was sentenced to pay a fine of $250 and costs and serve 90 days in jail. The appellant prayed an appeal to the Criminal Court of Appeals, and was given 90 days in which to perfect the same. No time was asked within which to make and serve case-made at that time, and it is presumed that the appellant intended to avail herself of the statutory period of 30 days.

It appears from the record that on December 17, 1908, the appellant was granted an extension of time to make and serve case-made of 45 days. The record further shows that on February 17, 1909, a further extension of 30 days was granted the appellant in which to make and serve case-made, and a further extension of 60 days in which to file petition in error in the Criminal Court of Appeals. On the 2d day of March, 1909, 60 days additional to make and serve case-made was allowed. Petition in error was filed in this court on May 15, 1909. On the 29th day of March, 1909, counsel for the state filed a motion to strike the case-made and dismiss the appeal, on the ground, among others, that the extension granted on the 17th day of December expired on the 11th day of February, and that on that date no case-made had been prepared and served, and no further extension of time had been granted. The record sustains this contention.

Counsel for the appellant on May 11, 1909, filed a motion asking to be permitted to amend case-made by including a certificate from the county judge of Okmulgee county to the effect that he had told the clerk of his court to make an order extending the time on the 2d day of February, 1909. The statute provides that the court or judge may extend the time for making and serving case-made upon proper showing. An order extending the time for making and serving case-made upon proper showing can be made either by the court or the judge if the court is not in session. The certificate offered does not show that the court was

in session at the time the county judge told his clerk to make an order and doesn't show that the order was made by the judge. The certificate is insufficient. The regular way to secure an order extending the time for making and serving case-made is to present a written application and secure a written order signed by the judge, and have the same entered of record on the minutes of the court. It is the duty of the persons applying for these extensions to properly preserve the record, and have all such orders included in the case-made when the same is filed.

The information in this case is regular. The instructions of the court fairly state the law. There is nothing prejudicial in this transcript to the rights of the appellant.

The record shows that the case-made was not served in time, and that the extension of the county judge was granted after the time originally given had elapsed. The case-made is therefore stricken from the record. No errors appearing in the transcript, this case will have to be affirmed. This question has been repeatedly passed upon by this court. *Bradford v. State*, 3 Okla. Cr. 367, 106 Pac. 535; *Houck v. State*, 3 Okla. Cr. 483, 106 Pac. 977; *Durant v. State*, 3 Okla. Cr. 447, 106 Pac. 651; *Lewis v. State*, 3 Okla. Cr. 448, 106 Pac. 647.

Affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.