## NELSON HAWKINS v. STATE.

No. A-563.  Opinion Filed March 21, 1911.

(114 Pac. 356.)

1.  **APPEAL—Record—Case-Made—Service.**  (a) Where a case-made is not served upon the county attorney within the time fixed by the trial judge for making and serving such case-made. the case-made will be stricken from the record.

> (b) Whe're the court has fixed the time within which a case-made may be prepared and served and such time has expired, after the expiration of such time the court has no power to make an order extending the time within which such case-made may be served.

2.  **APPEAL—Record—Correction.**  Where the instructions given to a jury have been lost, it is the duty of counsel for a defendant to substitute such instructions by proper proceedings. The mere loss of such instructions will not constitute ground for reversing a conviction.

(Syllabus by the Court.)

*Appeal from District Court, Pontotoc County; Robert M. Rainey, Judge.*

iNelson Hawkins was convicted of manslaughter in the first degree, and his punishment was assessed at confinement in the penitentiary for 40 years, and he appeals. Affirmed.

*Crawford & Bolen,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE.  The judgment against the defendant was pronounced in this case on the 21st day of June, 1909, at which time appellant was allowed 90 days in which to make and serve a case-made. Thereafter, on the 20th day of September, 1909, the court granted 60 days additional time within which to make and serve a case-made. The case-made was not served on the county attorney until the 19th day of November, 1909. July and August each have 31 days. The 90 days originally granted to make and serve a case-made expired on the

19th day of September, 1909. The court was without power, on the 20th day of September, 1909, to grant an extension of time within which the case-made might be made and served, and such order was void. We have no power to consider a case-made unless it is served within the time prescribed by the order of the court, unless such time is extended by the court before it has expired under the original order. That which has expired cannot be extended. The court cannot give life to that which is dead. This is jurisdictional and has always been the law in Oklahoma.

In the case of *Abel v. Blair,* 3 Okla. 401, 41 Pac. 342, the Supreme Court of Oklahoma Territory, in discussing this question, said:

"This grant of additional time, made on July 3, 1894, for 60 days, expired on the 1st day of September, 1894, and the judge of the district court had no power, on September 5, 1894, to grant any additional time, and the service of the case-made, and the settlement of the case-made served after the time for making and serving the same had elapsed, were void. *Aetna Life Insurance Co. v. Koons,* 26 Kan. 215; *Ingersoll v. Yates,* 21 Kan. 90. To this case-made, which we have held void, is attached the pleadings, the special findings of fact and conclusions of law, and exceptions thereto in the court below, and plaintiff in error asks that the errors assigned be considered upon this record by treating it as a transcript, instead of a case-made. This might be done if the copies, or purported copies, of these pleadings, findings, and conclusions were certified to by the clerk of the district court as being true and correct copies of the originals. *Lauer v. Livings,* 24 Kan. 273. But there is nowhere in the record any certificate of the clerk of the district court that they are true and correct copies. There is attached to this record the certificate of the judge of the district court, who settled the case-made, 'that the same, as above set forth, and as corrected by me, is true and correct, and contains a true and correct statement of all the pleadings, motions, orders, evidence, findings, proceedings, and judgment had in said cause,' and this is attested by the clerk. This attestation of the clerk, however, does not make these copies a transcript. The clerk has not certified that these are true and correct copies of the original pleadings, findings, and conclusions as shown by the record in the court below. All that the clerk has done in this case, and all that he is required to do under the law,

is to attest the case-made. This attestation is not a certificate that the things therein contained are true and correct, or that anything that may be contained in the case-made is true and correct. All that the clerk does is to attest the signature of the judge. It is not the business of the clerk to examine the case-made to see whether it is correct or not, and even should he do so, and find that it was incorrect, what power would he have to so certify? The law gives him none. He would have no right to certify that the facts, which the judge had stated were true, were not correct as shown by the record. His only duty is to attest—that is, to witness —the signature of the judge who settled and signed the case. When this is done, it authenticates the signature of the judge to the certificate to the case-made, but that does not make the judge's certificate sufficient to treat the record, if void as a case-made, as a transcript of the record in the court below. In the case of *Whitney v. Harris,* 21 Kan. 96, the bill of exceptions was held to be insufficient as such because it did not contain all of the record and proceedings of the court below, and plaintiff in error then asked that the record be considered as a transcript, but the Supreme Court denied this request upon the ground that the certificate of the clerk to the bill of exceptions did not state that the copies contained in the record were true and correct copies of the original pleadings and proceedings of the court, and that the certificate of the judge to the bill of exceptions was not sufficient to entitle the record to be used as a transcript. The court in this case said: 'Besides, the judge does not have authority to certify to the correctness of copies of the record, or copies of any other proceedings which are already of record. It is the duty of the judge only to see that the original record is made up properly and that it speaks the truth; and the clerk then certifies to the correctness of copies thereof, or to copies of portions thereof. But the clerk does not, and has not in this case, certified to the correctness of the copies of the pleadings copied into the bill of exceptions. That is, while the clerk certifies that the copy of the bill of exceptions brought to this court is a correct copy of the original bill of exceptions, yet he does not certify that the original pleadings or proceedings, or any of them, were copied into the original bill of exceptions, and he does not certify that the copies of pleadings and proceedings found in the copy of the bill of exceptions brought to this court are true copies of the original pleadings and proceedings.' "

In *Polson v. Purcell,* 4 Okla. 93, 46 Pac. 578, the Supreme Court of Oklahoma Territory said:

"The record shows that the judgment of the district court was rendered on the 24th day of November, 1893, and the plaintiff in error given 60 days to make and serve case-made. It further shows that on February 1, 1894, the plaintiff in error, by his attorney, made a motion to be granted a further extension of time of 40 days to make and serve his case-made, and to this motion is attached the affidavit of his attorney that he had been unable to prepare an appeal and serve case-made in the cause. The record shows an acceptance of service of case-made by the attorneys for the defendants in error, but does not show when it was served. The record should always affirmatively show that the case-made was served in time. This record not only does not do this, but it does show, by the affidavit of appellant's own attorney, that it was not served in time, and that was his reason for getting a further extension of time. The extension of time was granted by the trial judge as asked for, but he had no power to then extend the time to make a case-made, and the extension was absolutely void."

In *Sigman v. Poole,* 5 Okla. 682, 49 Pac. 945, the Supreme Court said:

"The case not having been served and settlement made within the time originally granted by the court for that purpose, we cannot review it. It is recommended that the petition in error be dismissed. For the reasons stated, the motion to dismiss the petition in error is sustained, and the cause is dismissed at the cost of plaintiff in error."

In *Board of Commissioners of Day County v. Hubble,* 8 Okla. 210, 211, 57 Pac. 163, the Supreme Court said:

"An order extending the time to serve a case-made must be made before the expiration of the statutory time for service in the first instance, or before the extension of time allowed by the court or judge has elapsed. The district court or judge has no power or authority to make an order extending the time for settling and serving a case-made after the extension of time originally allowed has elapsed, and any order of extension after the expiration of such original order is absolutely void."

See, also, *Bradford v. State,* 3 .Okla. Cr. 367, 106 Pac. 535; *Komiski v. State,* 3 Okla. Cr. 431, 106 Pac. 800; *Durant v. State,*

3 Okla. Cr. 447, 106 Pac. 651; *Lewis v. State,* 3 Okla. Cr. 448, 106 Pac. 647; *Houck v. State,* 3 Okla. Cr. 483, 106 Pac. 977; *Ledgerwood v. State,* 4 Okla. Cr. 18, 109 Pac. 735; *Perkey v. State,* 4 Okla. Cr. 239, 111 Pac. 663; *Taylor v. State,* 4 Okla. Cr. 468, 111 Pac. 1000; *Cohn v. State,* 4 Okla. Cr. 492, 111 Pac. 219; *Wilson v. State,* 4 Okla. Cr. 517, 111 Pac. 659.

Under these authorities we are without power or right to consider anything in the case-made now before us, but must strike such case-made from the record. We must therefore consider this appeal upon the transcript of the record, which is properly certified to as such by the clerk of the district court. We do not find the instructions of the court in this transcript, but we find an affidavit from one of the attorneys for appellant, and also a certificate from the clerk of the district court of Pontotoc county, to the effect that the instructions of the court to the jury have been lost and after a diligent search the same cannot be found. Counsel for appellant contend that as they are thereby deprived of having the instructions given by the court reviewed upon appeal, a new trial should be granted the appellant. In the case of *Tegeler v. State,* 3 Okla. Cr. 595, 107 Pac. 949, this court did hold that where a defendant, without fault on his part, was deprived of his constitutional right to present a complete appeal to this court, a new trial should be granted him. The judge who tried the Tegeler case died after the motion for a new trial was overruled and before the case-made was prepared. Under the law the case-made must be certified to by the judge who tried the case. Under these conditions it was impossible for Tegeler to secure a case-made, and therefore a new trial was granted him. There could be no substitution of that which was never in existence. But this case presents a very different question. No excuse whatever is given why counsel for appellant did not substitute the lost instructions. It was clearly within their power by substitution of the lost instructions to obviate the difficulty which confronted them. If the fact that the instructions given by the court to the jury are lost constitutes a ground for granting a new trial, where no effort has

been made to substitute such instructions, a most dangerous precedent would be established. It would place great temptation in the way of the friends of a defendant to destroy the instructions, and would involve all parties who were interested in securing a new trial under grave suspicion, where such instructions were lost. The power to substitute lost papers of any character offers ample relief in an emergency of this kind. That a new trial should not be granted upon the ground that the instructions were lost has been previously decided in this state.

In the case of *Devore v. Territory of Oklahoma,* 2 Okla. 562, 37 Pac. 1092, the court said:

"The plaintiff in error complains that he has been deprived of his right of review of the instructions of the court by the fact that they are not to be found in the office of the clerk of the court below, and that he is therefore entitled to a reversal and a trial *de novo.* The court instructed the jury, and upon the evidence under the instructions the jury found the defendant guilty. The presumptions of law are, in the absence of error, which must be made to appear by the plaintiff in error, that the proceedings of the district court are regular, and that the instructions to the jury gave the law correctly. But it is the privilege of the defendant to bring the case here by appeal, and if it is made to appear to this court that error has been committed, the case will be reversed, if the error is material. The defendant is therefore interested in the preservation of the record. If it is not made to appear that error has been committed, the judgment of the district court will stand. If, after judgment against a defendant in a criminal case, exceptions reserved and appealed to this court, the defendant should be relieved and the judgment reversed, because the instructions given below were lost from the case, great difficulty might be experienced in preserving the instructions until the case could be brought here."

Counsel for appellant in their brief did not complain of any errors in the record, except the loss of the instructions.

For the reasons above given, we cannot grant appellant a new trial upon this ground. The judgment of the lower court is therefore affirmed.

ARMSTRONG and DOYLE, JUDGES, concur.