## LEE MATHIS v. STATE.

No. A-3471—Opinion Filed Jan. 8, 1921.

(194 Pac. 278.)

(Syllabus.)

1. **APPEAL AND ERROR—Time for Appeal.** In felony cases, the appeal must be taken within six months after the judgment was rendered.

2. **SAME—Modes of Appeal—Defective Record.** Two methods of taking an appeal are provided for: (1) By filing a petition in error with certified case-made attached thereto; (2) by filing petition in error with duly certified transcript of the record attached thereto. If the first method is pursued, and for any reason the case-made is fatally defective, the appeal will be considered upon the transcript, provided it is properly certified by the clerk; but where there is no properly certified transcript of the record attached to the petition in error, and the case made is fatally defective, the appeal will be dismissed.

*Appeal from District Court, Kiowa County;*

*Thomas A. Edwards, Judge.*

Lee Mathis was convicted of receiving stolen property, and appeals. Dismissed.

*George W. Martin* and *Thomas W. Conner,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *E. L. Fulton,* Asst. Atty. Gen., for the State.

PER CURIAM. This is an attempted appeal from a judgment of conviction rendered in the district court of Kiowa county, on the 13th day of April, 1918, against defendant for the crime of receiving stolen property; de-

fendant being sentenced to serve a term of 18 months' imprisonment in the state reformatory at Granite.

The Attorney General, on the 3d day of December, 1919, filed a motion to dismiss the appeal herein the first and second grounds of such motion being as follows:

"(1) A judgment of conviction was rendered in the above-entitled cause in the lower court on the 13th day of April, 1918, and by such judgment the plaintiff in error was sentenced to a term of 18 months in the state reformatory at Granite, Okla. That the appeal was not filed in this court until the 19th day of October, 1918, which was more than 6 months after rendition of said judgment.

"(2) That the said plaintiff in error by the order of said court was on the 13th day of April, 1918, given and allowed 90 days from that date in which to make and serve case-made on appeal. Said case-made was not served upon the county attorney of Kiowa county until the 21st day of September, 1918, which was more than 90 days after the rendition of said judgment, and it does not appear in the record that any extension of time for making and serving case-made was allowed."

Relative to the first ground of the motion we find that judgment was rendered on the 13th day of April, 1918, as set out in the motion to dismiss, and that petition in error with case-made attached was not filed in this court, according to the records in the office of the clerk, until the 19th day of October, 1918, more than six months after the rendition of said judgment. This being a conviction for a felony, defendant had six months after the rendition of the judgment within which to perfect the appeal. Section 5991, Revised Laws 1910. The attempted appeal not having been lodged in this court within six months after the rendition of the judg-

ment, this court never acquired jurisdiction of the appeal. *Bethel v. State*, 7 Okla. Cr. 36, 121 Pac. 792; *Musick v. State*, 5 Okla. Cr. 608, 115 Pac. 377, *Self v. State*, 8 Okla. Cr. 70, 126 Pac. 582; *Sarten v. State*, 18 Okla. Cr..........., 193 Pac. 743.

Relative to the second ground of the motion to dismiss, it has been held that there are two methods of taking an appeal to this court: (1) By filing herein a petition in error with a certified case-made attached thereto; (2) by filing a petition in error with a duly certified transcript of the record attached thereto. Section 5997, Revsed Laws 1910; *Dobbs v. State,* 5 Okla. Cr. 475, 114 Pac. 358, 115 Pac. 370; *Rasberry v. State,* 4 Okla. Cr. 614, 103 Pac. 865.

Also, if the first method above mentioned is pursued, and for any reason the case-made is fatally defective, the appeal will be considered as a transcript, provided it is properly certified by the clerk; but, if not properly certified as a transcript, the appeal will be dismissed. *Dobbs v. State, supra.*

In this case, there was no attempt made to appeal by duly certified transcript of the record. The case-made, not having been served within the time allowed by the trial judge, must be stricken from the files. *Hawkins v. State,* 5 Okla. Cr. 276, 114 Pac. 356; *Talley v. State,* 5 Okla. Cr. 528, 115 Pac. 603; *Cohn v. State,* 4 Okla. Cr. 492, 113 Pac. 219; *Billus v. State,* 7 Okla. Cr. 37, 121 Pac. 790.

For the reason, therefore, that the appeal was not lodged in this court within six months after the rendition of the judgment, and for the further reason that

the case-made was not served upon the county attorney within the time allowed by the trial court, there being no certified transcript of the record attached to the petition in error, this appeal must be dismissed.

Appeal ordered dismissed.