## DICK ABEL v. W. J. BLAIR.

1. CASE-MADE — *Records of Court; Contradiction.* The records of the court incorporated into a case-made cannot be contradicted by other statements contained in the case-made.

2. SAME—*If Not Served in Time, Extension of Time by the Judge Void.* Where the extensions of time granted by the district court or judge thereof, have once expired, the district court or the judge thereof has no power then to extend the time for serving a case-made, and a case-made, served, signed and settled after the expiration of time, is void.

3. Same—*Being Held Void, Cannot Be Used as a Transcript.* Where a case-made has been held void because it was not served in time, and where the clerk of a district court has not certified that the copies of the pleadings, findings and conclusions of the court as contained in the case-made, are true and correct copies of the same as shown by the records of the district court, such record cannot be considered as a transcript of the record of the court below upon the certificate of the judge of the district court, attested by the clerk, that the pleadings, orders and process are true and correct copies of the originals.

*Error from the District Court of Logan County.*

*Wisby & Hornor*, for plaintiff in error.

*Huston & Huston* and *J. E. Pickard*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.:   To the petition in error in this case is attached the original case-made filed in the court below.   Upon the motion of the defendant in error, the cause was dismissed in this court because the case-made was not served in time.   The case-made, against which this objection was offered, shows that the judgment of the court below was rendered May 14, 1894, and that motions for a new trial and in arrest of judgment were made and overruled the same day, and the defendant allowed sixty days in which to make and serve a case-made for the supreme court; that on July 3, 1894, for good cause shown, an extension of the original time for making case-made was granted, giving sixty days' time from the date thereof, that is, from July 3, 1894, in which to make a case-made for the supreme court.   On the 5th day of September, 1894, the judge of the district court, on application of plaintiff in error, again extended the time for thirty days to make and serve a case-made, and

the case-made was served on the fourth day of October, 1894.

Plaintiff in error claims that when the extension of time to make a case-made was made by the court on July 3, 1894, it was for sixty days' additional time. The statement in the case-made is that sixty days' additional time was given, but the statement also is that the order of the court making such extension is shown by the journal entry, which is set out in words and figures following the statement in the case, and this journal entry shows that "it is ordered by the court that defendant have an extension of the original time, heretofore granted, of sixty days from this date to make a case-made for the supreme court." The statement in the case-made, that sixty days' additional time is granted, is qualified by the further statement that the order for the same is therein set out in words and figures, and this order shows that this sixty days was granted, not in addition to the time theretofore granted, but that the time was extended sixty days from the 3rd day of July, 1894, and this journal entry, taken as a record from the entries of the orders of the court, not only shows within itself that the extension of time granted was not to be an additional sixty days from the 3d day of July, 1894, but only sixty days from that date, but it also is a record of the court that cannot be contradicted by any statement in the case-made. (*Territory v. Day*, 2 Okla. Rep. 409; 37 Pac. Rep. 806.)   This grant of additional time, made on July 3, 1894, for sixty days, expired on the 1st day of September, 1894, and the judge of the district court had no power, on September 5, 1894, to grant any additional time, and the service of the case-made, and the settlement of the case-made served after the time for making and serving same had elapsed, were void. (*Ætna Life Insurance Co. v. Koons*, 26 Kan. 215; *Ingersoll v. Yates*, 21 Kan. 90.)

To this case-made, which we have held void, is attached the pleadings, the special findings of fact and conclusions of law, and exceptions thereto, in the court below, and plaintiff in error asks that the errors assigned be considered upon this record by treating it as a transcript, instead of as a case-made. This might be done if the copies, or purported copies, of these pleadings, findings and conclusions were certified by the clerk of the district court as being true and correct copies of the originals.. (*Lauer v. Livings*, 24 Kan. 273.) But there is nowhere in the record any certificate of the clerk of the district court that they are true and correct copies. There is attached to this record the certificate of the judge of the district court, who settled the case-made, "that the same, as above set forth, and as corrected by me, is true and correct, and contains a true and correct statement of all the pleadings, motions, orders, evidence, findings, proceedings and judgment had in said cause," and this is attested by the clerk. This attestation of the clerk, however, does not make these copies a transcript. The clerk has not certified that they are true and correct copies of the original pleadings; findings and conclusions as shown by the record in the court below. All that the clerk has done in this case, and all that he is required to do under the law, is to attest the case-made. This attestation is not a certificate that the things therein contained are true and correct, or that anything that may be contained in the case-made is true and correct. All that the clerk does is to attest the signature of the judge. It is not the business of the clerk to examine the case-made to see whether it is correct or not, and even should he do so, and find that it was incorrect, what power would he have to so certify? The law gives him none. He would have no right to certify that the facts which the judge had stated were true, were not correct as

shown by the record.   His only duty is to attest; that is, to witness, the signature of the judge who settled and signed the case.   When this is done, it authenticates the signature of the judge to the certificate to the case-made, but that does not make the judge's certificate sufficient to treat the record, if void as a case-made, as a transcript of the record in the court below.   In the case of *Whitney v. Harris*, 21 Kan. 96, the case was taken to the supreme court on a bill of exceptions.   This bill of exceptions was held to be insufficient as such because it did not contain all of the record and proceedings of the court below, and plaintiff in error then asked that the record be considered as a transcript, but the supreme court denied this request upon the ground that the certificate of the clerk to the bill of exceptions did not state that the copies contained in the record were true and correct copies of the original pleadings and proceedings of the court, and that the certificate of the judge to the bill of exceptions was not sufficient to entitle the record to be used as a transcript.   The court in this case said:

"Besides, the judge does not have authority to certify to the correctness of copies of the record, or copies of any other proceedings which are already of record.   It is the duty of the judge only to see that the original record is made up properly, and that it speaks the truth; and the clerk then certifies to the correctness of copies thereof, or to copies of portions thereof.   But the clerk does not, and has not in this case, certified to the correctness of the copies of the pleadings copied into this bill of exceptions.   That is, while the clerk certifies that the copy of the bill of exceptions brought to this court is a correct copy of the original bill of exceptions, yet he does not certify that the original pleadings or proceedings, or any of them, were correctly copied into the original bill of exceptions, and he does not certify that the copies of pleadings and proceedings found in the copy of the bill of exceptions brought to this court are true copies of the original pleadings and proceedings.'

We consider this case cited squarely in point with the case under consideration, and it compels us to deny the request of plaintiff in error that this record, now held to be void as a case-made, be considered as a transcript. A case-made simply performs the office of bringing into the record matters not otherwise a part of the record, and which were formerly brought into it by a bill of exceptions, and if a case-made is not served in time so as to make it valid, the certificate of the judge to the case-made cannot be held sufficient to bring the record of the court below here as a transcript. The motion of the plaintiff in error to so consider the record is denied and the appeal dismissed.

By the Court: It is so ordered.

Dale, C. J., having presided below, not sitting; all the other Justices concurring.