## A. E. PERKY v. STATE.

No. A-664.    Opinion Filed November 23, 1910.

1.  **APPEAL AND ERROR—Case-Made—Expiration of Time.** When the time for preparing and presenting a case-made has expired, the court is without jurisdiction to grant an additional extension of time. That which has already expired cannot be extended.

2.  **SAME—Transcript—Requisites.** Where a case-made has been held void because it was not served in time, and where the clerk of a district court has not certified that the copies of the pleadings, findings and conclusions of the court as contained in the case-made, are true and correct copies of the same as shown by the record of the district court, such record cannot be considered as a transcript of the record of the court below upon the certificate of the judge of the district court, attested by the clerk, that the pleadings, orders and process are true and correct copies of the originals.

(Syllabus by the Court.)

*Appeal from District Court, Comanche County; J. T. Johnson, Judge.*

Defendant was convicted of the crime of grand larceny and sentenced to four years' imprisonment in the state penitentiary, and appealed. Appeal dismissed.

*J. F. Thomas,* for plaintiff in error.
*Chas. L. Moore,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. The defendant attempted to prosecute this appeal by case-made. The motion for a new trial was overruled by the district court on the 22nd day of October, 1909. The court granted the defendant 90 days in which to prepare and serve a case-made. This time expired on January 21, 1910. On the 18th day of January the court granted 10 days additional time in which to prepare and serve a case-made, which said additional time expired on January 31, 1910. On the 2nd day of February, 1910, and on the 12th day of February, 1910, the court attempted to grant further extensions of time in which to pre-

pare and serve a case-made. Said additional extensions of time
and said orders were void, because after January 31 the court lost
jurisdiction to make an additional order in the case. This ques-
tion has been decided so often that citation of authority is useless.
That which has already expired cannot be extended. The case-
made was not presented to the judge until the 5th day of March,
1910. We must therefore sustain the motion of the Attorney
General to dismiss the pretended case-made.

There is not in the record any certificate of the clerk to the
transcript of the record. In the case of *Abel v. Blair*, 3 Okla. 402,
the Supreme Court of Oklahoma said:

"But there is nowhere in the record any certificate of the clerk
of the district court that they are true and correct copies. There
is attached to this record the certificate of the judge of the district
court, who settled the case-made, 'that the same, as above set forth,
and as corrected by me, is true and correct, and contains a true
and correct statement of all the pleadings, motions, orders, evi-
dence, findings, proceedings and judgment had in said cause,' and
this is attested by the clerk. This attestation of the clerk, how-
ever, does not make these copies a transcript. The clerk has not
certified that they are true and correct copies of the original
pleadings, findings and conclusions as shown by the record in the
court below. All that the clerk has done in this case, is to attest
the case-made. This attestation is not a certificate that the things
therein contained are true and correct, or that anything that may
be contained in the case-made is true and correct. All that the
clerk does is to attest the signature of the judge. It is not the
business of the clerk to examine the case-made to see whether it is
correct or not, and even should he do so, and find that it was in-
correct, what power would he have to so certify? The law gives
him none. He would have no right to certify that the facts which
the judge had stated were true, were not correct as shown by
the record. His only duty is to attest; that is, to witness, the sig-
nature of the judge who settled and signed the case. When this
is done, it authenticates the signature of the judge to the certi-
ficate to the case made, but that does not make the judge's certi-
ficate sufficient to treat the record, if void as a case-made, as a tran-
script of the record in the court below. In the case of *Whitney v.
Harris*, 21 Kan. 96, the case was taken to the Supreme Court on

a bill of exceptions. This bill of exceptions was held to be insufficient as such because it did not contain all of the record and proceedings of the court below, and plaintiff in error then asked that the record be considered as a transcript, but the Supreme Court denied this request upon the ground that the certificate of the clerk to the bill of exceptions did not state that the copies contained in the record were true and correct copies of the original pleadings and proceedings of the court, and that the certificate of the judge to the bill of exceptions was not sufficient to entitle the record to be used as a transcript. The court in this case said:

" 'Besides, the judge does not have authority to certify to the correctness of copies of the record, or copies of any other proceedings which are already of record. It is the duty of the judge only to see that the original record is made up properly, and that it speaks the truth; and the clerk then certifies to the correctness of copies thereof, or to copies of portions thereof. But the clerk does not, and has not in this case, certified to the correctness of the copies of the pleadings copied into this bill of exceptions. That is, while the clerk certifies that the copy of the bill of exceptions brought to this court is a correct copy of the original bill of exceptions, yet he does not certify that the original pleadings or proceedings, or any of them, were correctly copied into the original bill of exceptions, and he does not certify that the copies of pleadings and proceedings found in the copy of the bill of exceptions brought to this court are true copies of the original pleadings and proceedings.' "

In the case of *Wade et al. v. Mitchell,* 14 Okla. 170, the court said:

"It is the duty of the complaining party to make an affirmative and conclusive showing of error. This cannot be done by a partial or incomplete transcript. Our statute provides for two methods of bringing a cause to this court. The petition in error must have attached to it either a transcript of the proceedings below, or a case-made. If the case is presented for review upon a transcript, it must be a complete transcript of the record in the trial court. If the case is presented by a case-made, then the party presenting the case may incorporate only such portions of the record as will present to the appellate court the errors complained of. By the case-made method the cause may be presented upon a

4 Cr.—16

short record, but by the transcript method no authority exists for omitting any of the proceedings off the trial court which are properly parts of the record, and the certificate to the transcript must show that it contains a full, true and complete transcript of all the papers and proceedings in said cause, as the same appears on file or of record in his office."

The motion of the Attorney General to dismiss the appeal is therefore sustained.

DOYLE and RICHARDSON, JUDGES, concur.