Appellant was found guilty of the crime of manslaughter in the first degree in the district court of Roger Mills county, Okla., and his punishment was assessed at imprisonment in the penitentiary for a period of 15 years.
Hon. G.A. Brown, the regular judge of the Eighteenth judicial district, who presides over the district court of Roger Mills county, was disqualified to try this cause, and the Hon. James R. Tolbert, judge of the Seventeenth judicial district of the state of Oklahoma, was regularly assigned by the Chief Justice of the Supreme Court to try this cause.
Judgment was pronounced against the defendant on the 21st day of September, 1909, and the defendant was allowed by the court 30 days within which to make and serve a case-made. Subsequently to this time various orders were made by Judge Tolbert, granting the defendant extensions of time within which to prepare and serve a case-made. The record shows that the case-made was served on the 24th day of July, 1909. Under our system a special judge who presides at the trial of a case may fix the time within which a case-made may be prepared and served, but after he vacates the bench and loses control over the docket, he has no power to grant an order extending such time. This has never been an open question in Oklahoma. For a full citation and discussion of all the authorities on this question, see Rasberry *Page 477 v. State, 4 Okla. Cr. 613, 103 P. 865, 112 P. 759. If additional time is desired for preparing and serving a case-made, application should be made either to the regular judge of the district court or to such judge as may be then presiding in said district, and is therefore the court; or the appellant may file a transcript of the record in this court within the time originally granted, and, having thus perfected his appeal and this court having acquired jurisdiction of the cause, we have power, under section 6077 of Snyder's Comp. Laws of Oklahoma 1909, to grant the defendant such time as he may require to perfect and serve his case-made. This course was adopted by counsel for appellant in the case of Hunter v. State,3 Okla. Cr. 535, 107 P. 444. For a full discussion of this question seeJohn Farmer v. State (decided at the January term of this court)ante, 114 P. ___.
Counsel for the appellant attempted to explain their failure to file a case-made in this court at an earlier date by the following affidavits:
"State of Oklahoma, County of Canadian.
"R.B. Forrest, being first sworn according to law, on his oath states that he has been one of the attorneys of the defendant from the time of his arrest under the charge for which he was indicted in the above-entitled cause, at all times during the progress and history of said proceedings. Affiant further states that on the conviction of the defendant in said cause, the defendant prayed an appeal to the criminal court of appeals in said action; that immediately thereafter the defendant demanded of the official court stenographer who acted in the trial of said cause a transcript of the evidence and the proceedings as taken by said stenographer during the progress of the trial of said cause, and defendant then and there paid to said stenographer the amount of money which said stenographer demanded for the performance of said work, and said stenographer then and there promised and agreed to take said matter up at the earliest opportunity; that thereafter said stenographer failed to furnish the transcript and gave as an excuse the want of time in which to prepare the same; that extensions of time were obtained on several occasions in order to procure the said stenographic report *Page 478 
of said stenographer, and the defendant and his counsel at all times expected to receive such transcript from said stenographer, until some time during the month of April, 1909, when counsel for the defendant were advised that the notes of the stenographer had been lost or stolen and could not be found, and said counsel were advised that said stenographer had placed his stenographic report in a valise and had checked said valise at the railroad depot, and the railroad company had lost the same, and that in said manner said books containing the notes and reports of said stenographer were hopelessly lost. Affiant further states that as soon as it discovered that the defendant would be unable to furnish a report prepared by said stenographer as a true and correct statement of the evidence presented, and matters and things occurring at said trial, counsel for the defendant proceeded to prepare a case from notes and memory and such data as they could gather together for the purpose of recalling and preparing a full and complete history of the proceedings of said trial. Affiant further states that in the preparation of the hereto-attached and foregoing case affiant has had at his command a stenographic report of the evidence taken at the preliminary trial of the defendant, and depositions taken prior to the trial of said cause, which said stenographic report of the proceedings at the preliminary trial and said depositions had been used and were used on an application made by defendant for bail prior to the trial of said cause; that with the exception of a few witnesses called at the trial by the state and a few called at the trial by the defendant the evidence herein prepared is the testimony of the witnesses as given at the preliminary trial and in said depositions, and is in substance the same as the evidence of said witnesses given in the trial of said cause; that the foregoing and hereto-attached prepared case contains a true and correct statement of the proceedings had at said trial and contains, as nearly as it is possible to prepare and present the same, all the evidence that was presented in said trial; and affiant states that the same contains all the evidence presented at said trial bearing upon the matters at issue therein, and that the same is true and correct. R.B. Forrest.
"Subscribed and sworn to before me, this 21st day of July, 1909. F.E. Sanson, Notary Public. [Seal.]
"My commission expires January 4, 1913. *Page 479 
"State of Oklahoma, Roger Mills County — ss.:
"I, Jno. B. Harrison, do upon my oath say, that I have read the above and foregoing affidavit of R.B. Forrest, and know the contents thereof, and know that the statements therein made are substantially correct. Jno. B. Harrison, Atty. for Plaintiff in Error.
"Subscribed and sworn to before me this the 24th day of July, 1909. W.P. Madden, Clerk of the Dist. Court, by F.M. Mullen, Deputy. [Seal.]"
If proper steps had been taken to give this court jurisdiction in proper time, counsel could have secured from this court an order giving appellant all the time which he might need to perfect and serve his case-made, but after the time fixed by the trial court for preparing and serving a case-made has expired, no court or judge has power to extend such time. For a citation of all of the cases on this question, see Nelson Hawkinsv. State (decided at this term), ante, 114 P. 356.
The mere fact that a stenographer may have lost his notes, or that they may have been stolen from him, would not constitute a valid excuse for a failure on the part of the appellant to prepare and serve a case-made. If it did, every judgment entered by any court of record would be at the mercy of the carelessness and dishonesty of the court stenographer. While the stenographer's notes of the testimony constitute the most convenient means of preparing a case-made, yet they are not the only source from which a case-made may be prepared. Even when a case-made is prepared from the stenographer's notes of the testimony, it must still be approved by the judge who tried the case, and he is not bound by such notes, but must still see that the case-made speaks the truth, and he may correct such case-made from memory or from any source that may be satisfactory to him. But it appears from the affidavit of counsel for appellant that they were not aware of the alleged loss of the stenographer's notes until long after the time originally fixed by the trial court for preparing and serving the case-made had expired, and after it was beyond the power of any judge or court to extend such time.
We must therefore strike the case-made from the record. We *Page 480 
cannot consider this appeal upon the transcript of the record, because it is not properly certified to by the clerk of the district court of Roger Mills county as a true and correct copy of the record in the court below. See Perky v. State,4 Okla. Cr. 239, 111 P. 663; Gibson v. State, 3 Okla. Cr. 594,107 P. 739. We must therefore dismiss this appeal.
ARMSTRONG and DOYLE, JUDGES, concur.