## WALTER BILLUS v. STATE.

No. A-946.   Opinion Filed March 8, 1912.

(121 Pac. 790.)

1.   APPEAL—Record—Case-Made.   No case-made will be considered
     on appeal which does not show affirmatively that it was served
     upon the county attorney within the time fixed for that purpose
     by the trial court.

2.   APPEAL—Record—Transcript.   Where a case-made has been held
     void because it was not served upon the county attorney, and
     where the clerk of the superior court in which the case was tried
     has not certified that the copies of the pleadings, instructions,
     findings, rulings, and judgments of the court as contained in the
     case-made are true and correct copies of the same as shown by
     the records of the superior court, such record cannot be considered
     as a transcript of the record of the court below upon the certificate
     of the superior judge.

(Syllabus by the Court.)

*Appeal from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Walter Billus was convicted of assault with intent to mur-
der, and sentenced to confinement in the penitentiary for one year,
and appeals.   Dismissed.

*S. P. Freeling,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   The record in this case fails to show that
the case-made was ever served upon the county attorney.   In
the case of *Cohn v. State,* 4 Okla. Cr. 492, 113 Pac. 219, this
court, speaking by Judge Richardson, said:

"No case-made will be considered by this court, unless it is
shown positively and affirmatively that it was served upon the
county attorney, and that it was so served within the time granted
by the trial court for that purpose."

See, also, *Box v. State,* 4 Okla. Cr. 371, 111 Pac. 655; *Wil-
son v. State,* 4 Okla. Cr. 517, 111 Pac. 659.   This question has

been so often decided, both by this court and the Supreme Court of Oklahoma Territory, that further citation of authorities is unnecessary. The signature of the judge to the case-made is not attested by the clerk of the court under the seal of the court as the law directs. We must therefore strike the case-made from the record.

There is not in the record any certificate of the clerk of the superior court to the transcript of the record. We therefore cannot consider this appeal as upon the transcript of the record. See *Abel v. Blair,* 3 Okla. 402, 41 Pac. 342; *Wade et al. v. Michell,* 14 Okla. 170, 79 Pac. 95; *Perky v. State,* 4 Okla. Cr. 239, 111 Pac. 663; *Dobbs v. State,* 5 Okla. Cr. 475, 114 Pac. 358, 115 Pac. 370. We cannot consider the record before us as a case-made, because it fails to show it was ever served upon the county attorney, and because the signature of the judge to the case-made is not attested by the clerk of the court under the seal of the court as the law directs. See *Blitz v. Brown,* 7 Wall. 693, 19 L. Ed. 280. We cannot consider the transcript of the record, because it is not certified to by the clerk of the superior court.

The appeal must be dismissed.

ARMSTRONG and DOYLE, JJ., concur.