## ROBERT WILLIAMS v. STATE.

No. A-762.   Opinion Filed April 27, 1912.

(123 Pac. 190.)

Rehearing Opinion Filed September 14, 1912.

1.  APPEAL—Writ of Error—Record. When a case-made is not served on the county attorney within the time provided by law, and upon appeal the case-made is held void and stricken on motion of the Attorney General, and the clerk of the district court has not certified the transcript under the seal of the court, the record cannot be considered as a transcript upon the certificate of the judge of the district court who tried the case, attested by the clerk.

2.  SAME—Transcript. The transcript, under the law, must be certified by the clerk of the court, who has the custody and keeping of the records and proceedings from which such transcript is taken.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County;*
*S. H. Russell, Judge pro tem.*

Robert Williams was convicted of manslaughter, and appeals. Affirmed.

*Blanton & Andrews* and *Carr & Field,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Robert Williams, was tried at the May, 1909, term of the district court of Garvin county on an indictment charging him with the murder of Terry James, and was convicted of manslaughter and sentenced to imprisonment in the state penitentiary for a period of ten years.

Counsel attempted to perfect the appeal in this cause by case-made; but, on motion of the Attorney General, the case-made was .stricken, upon the ground that it was not served on the county attorney within the time provided by law.   On a careful investigation of the record as presented, we find that there is no transcript certified by the clerk of the district court of Garvin county.

In the case of *Abel v. Blair*, 3 Okla. 399, 41 Pac. 342, the Supreme Court of Oklahoma Territory, in an opinion by Mr. Justice Bierer, laid down the rule that:

"* * * Where a case-made has been held void, because it was not served in' time, and where the clerk of a district court has not certified that the copies of the pleadings, findings, and conclusions of the court, as contained in the case-made, are true and correct copies of the same, as shown by the records of the district court, such record cannot be considered as a transcript of the record of the court below upon the certificate of the judge of the district court, attested by the clerk, that the pleadings, orders, and process are true and correct copies of the originals."

The record in the case under consideration comes clearly within this rule.   In the case of *A. E. Perkey v. State,* 4 Okla. Cr. 239, 111 Pac. 663, this court followed the rule laid down by the Supreme Court of Oklahoma Territory in *Abel v. Blair, supra,* and reaffirmed the doctrine in *Makatch v. State,* 5 Okla. Cr. 34, 113 Pac. 200, and again in *Watson v. State, ante,* 123 Pac. 189.   The doctrine of these cases concludes the right of the plaintiff in error in this case to have the assignments, as set out in his petition in error, reviewed in this court.   We have no alternative, except to dismiss the appeal.

The appeal is dismissed, with direction to the district court of Garvin county to enforce the judgment and sentence.

FURMAN, P. J., and DOYLE, J., concur.

ON REHEARING.

PER CURIAM. An opinion was filed in this case on the 27th day of April, 1912, dismissing the appeal. Upon motion to reinstate it is made to appear that proper certificate of the clerk is attached to the transcript, and this being the ground upon which the appeal was dismissed the cause is therefore reinstated.

This appeal stands upon the transcript. We carefully went over the transcript before the appeal was dismissed, and have considered it again since, and are unable to say that the accused was deprived of any substantial right on the trial. The transcript is very unsatisfactory, and the clerk of the district court of Garvin county appears to have been recklessly careless in keeping proper minutes of the proceedings. The principle ground upon which a reversal is urged is that the minutes do not affirmatively show the presence of the accused at all stages of the trial.

There was no question of this kind raised in the trial court. The case-made, which was stricken, has been carefully read and it discloses no such objection. The minutes do show the presence of the accused when the trial began. Judgment was pronounced after the trial was concluded, exceptions reserved, and time asked within which to take an appeal. We are satisfied that able counsel would have raised this question in the trial court if the facts had warranted. For a further discussion of this question see *Woods v. State,* 4 Okla. Cr. 436.

The other errors complained of involve instructions of the court, which have been carefully examined by the members of this court, and we find nothing therein prejudicial to the substantial rights of the accused.

The judgment of the trial court is affirmed.