GUS BARBEE v. STATE.
No. A-1234.   Opinion Filed October 26, 1912.
Appeal from Pottawatomie County Court;
Ross F. Lockridge, Judge.

Gus Barbee was convicted of conducting a gambling game, and appeals.   Affirmed.

Clyde Pitman and A. M. Baldwin, for plaintiff in error.

Chas. West, Atty. Gen., for the State.

PER CURIAM.   The plaintiff in error, Gus Barbee, was convicted in the county court of Pottawatomie county on a charge of conducting and carrying on as owner, games of poker and craps for money, checks and other representations of value, and his punishment fixed at a fine of three hundred dollars and confinement in the county jail for a period of thirty days.   We have carefully examined the record and find no error prejudicial to the substantial rights of the plaintiff in error.   The judgment of the trial court is therefore affirmed.

BUD HART v. STATE.
No. A-1630.   Opinion Filed November 19, 1912.
Appeal from District Court, Latimer County;
W. H. Brown, Assigned Judge.

Bud Heart was convicted of grand larceny, and appeals.   Appeal dismissed.

Andrew & Day, for plaintiff in error.

PER CURIAM.   Bud Heart, plaintiff in error, was convicted of grand larceny and he was duly sentenced to imprisonment in the penitentiary for a term of one year.   The Attorney General on May 29th, 1912, filed the following motion:

"Comes now the State of Oklahoma, by Chas. West, Attorney General, and moves the court to dismiss the pretended appeal herein, and as grounds therefor, says:   That plaintiff in error was convicted of grand larceny; that the judgment was rendered on October 10, 1911, and 90 days was given in which to prepare and serve a case-made, 45 days from December 16, 1911; that the case-made was served on January 31, 1912, being one day after the last extension of time had expired; that there is no certified transcript of the record.   Wherefore, the Attorney General moves the court to dismiss the appear herein."

No response has been filed to this motion.   We are of opinion that the motion should be sustained.   No case-made will be considered on appeal which does not show affirmatively that it was served upon the county attorney within the time fixed for that purpose by the trial court.   Billus v. State, 7 Okla. Cr. 37, 121 Pac. 790, and cases therein cited.   There is not in the record any certificate of the clerk of the district court to the transcript of the record.   The motion to dismiss the appeal is therefore sustained and the cause is remanded to the district court of Latimer county with direction to carry the judgment and sentence into execution.