## E. O. BROWN v. STATE.

No. A-3451—Opinion Filed May 20, 1920

Rehearing Denied Jan. 15, 1921

(194 Pac. 272.)

*Appeal from County Court, Oklahoma County;*

*W. R. Taylor, Judge.*

E. O. Brown was convicted of a violation of the prohibitory liquor laws, and he appeals. Affirmed.

*O. A. Cargill,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *E. L. Fulton,* Asst. Atty. Gen., for the State.

PER CURIAM.    Judgment was rendered in this case on the 13th day of May, 1918, at which time plaintiff in error was given 60 days in which to make and serve a case-made. On July 10, 1918, and within said 60 days, an order was entered granting plaintiff in error 40 days in addition to the time before allowed in which to make and serve case-made. These were the only orders made affecting the making and service of the case-made, and allowed the plaintiff in error 100 days from May 13, 1918, in which to make and serve a case-made; such time expiring on and with the 21st day of August, 1918. The case-made, however, was not served upon the county attorney until the 28th day of August, 1918, which was 7 days later than the time allowed to make such service by the trial court's orders.

It has been previously held by this court that—

"Unless the case-made is served within the time allowed by the trial judge, the case-made will be stricken from the record." *Henson v. State,* 5 Okla. Cr. 6, 113 Pac. 224; *Gibson v. State,* 3 Okla. Cr. 594, 107 Pac. 739.

The time allowed by the trial court for serving a case-made having expired before the case-made was served, the same is stricken from the record.

It is first contended that the trial court erred in refusing to direct a verdict of not guilty at the conclusion of the evidence. This assignment is based solely upon the proposition that the evidence is insufficient to sustain the conviction, and cannot be considered for the reason that the case-made, containing the transcript of the record, having been stricken, the evidence is not before the court.

The second and only other assignment of error urged is in the giving of instruction No. 6. This instruction was not excepted to in the court below.

In substance, the instruction is to the effect:

"That the keeping in excess of one gallon of spirituous or vinous liquors in a person's residence is prima facie evidence of an intention to sell or otherwise dispose of the same in violation of law."

The instruction follows almost the identical wording of section 6, c. 26, Session Laws 1913, and is a correct statement of the law under the provisions of such section. The information charged the plaintiff in error with having in his possession 24 quarts of whisky with the unlawful, willful, and wrongful intent to sell and otherwise dispose of the same in violation of the prohibitory liquor laws.

In the absence of a case-made containing the evidence, it will be presumed that the evidence adduced upon the trial was sufficient to warrant the trial court in giving the foregoing instruction. The instruction is not fundamentally erroneous, and, as it was not excepted to in the court below, we find no error in the record before us prejudicial to the substantial rights of the plaintiff in error, and it

is therefore ordered and adjudged that the judgment of the trial court assessing a fine of $300 and imprisonment in the county jail for a period of 60 days against the plaintiff in error be, and the same is, hereby affirmed.