## LOUIS HARRISON v. STATE.

No. A-8489.   March 25, 1933.
(20 Pac. [2d] 586.)

Joe Adwon, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county of the offense of maintaining and operating a disorderly house, and his punishment fixed by the jury at a fine of $500, and imprisonment in the county jail for a period of six months.

The Attorney General has filed a motion to strike the case-made from the files for the reason that the same was not served upon the county attorney within the time prescribed and allowed by the trial court.

It appears from the record that judgment was pronounced on the 7th day of July, 1932, at which time, according to the minutes of the court, defendant allowed an extension of 50 days within which to make and serve case-made.   That on July 29, 1932, the trial court granted a further extension of 30 days within which to make and serve case-made; the two orders extending time to make and serve case-made amounting to 80 days.   The case-made was not served on the county attorney until October 24, 1932, which was 109 days after the rendition of the judgment.

This court in numerous cases has held that the case-made must be served, signed, and settled within the time fixed by the court, and that where this is not done the case-made will not be considered by this court.

With the case-made stricken, no question is raised in the appeal which the court may decide upon consideration of the transcript of the record alone.   Counsel for defendant relies upon certain misconduct of the county attorney in asking improper questions and making improper re-

marks, which alleged misconduct would only be presented were the case-made properly before the court.

Counsel also contends that the punishment imposed is excessive.

This question could arise only from a consideration of the evidence, which, with the case-made stricken, is not before the court.

No reversible error appearing upon the face of the transcript, and no reason appearing for a reduction of the punishment, the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.