## S. B. PHILLIPS v. STATE.

No. A-9419. March 11, 1938.
(77 P. 2d 578.)

C. B. Wood, of Fairview, and Finis O. Stewart, of Cherokee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and O. M. Ginder, Co. Atty., of Cherokee, for the State.

BAREFOOT, J. The defendant was charged by information, in Alfalfa county, with the crime of uttering and

passing a forged check, was convicted and sentenced to serve a term of one year in the penitentiary, and has appealed.

On November 20, 1937, the Attorney General filed a motion to strike the case-made in this case for the reason that it revealed that defendant was sentenced on May 20, 1937, and on said date was granted sixty days in which to prepare and serve a case-made; that this time expired on July 19, 1937; that no other order of extension was granted until September 4, 1937, which was after the expiration of the time previously granted, and was, therefore a nullity; that the case-made was served on the county attorney on October 1, 1937. The proof shows that a copy of this motion was mailed to the defendant's attorney at his proper post office address on the 20th day of November, 1937. Since the case was submitted to this court counsel for defendant has been written calling his attention to this motion and inquiring if the record showed any extension which the case-made did not contain, and that, if so, he procure them and have them certified, and asking him to appear before this court on the 15th day of February, 1938. No response was filed on behalf of the defendant, nor any appearance made. We have carefully examined the record and find that the allegations of the motion filed by the Attorney General are true, and under the authorities it becomes necessary to sustain the motion of the state to dismiss the appeal in this case. Harrison v. State, 54 Okla. Cr. 319, 20 P. 2d 586; Spencer v. State, 48 Okla. Cr. 340, 291 P. 987; Billus v. State, 7 Okla. Cr. 37, 121 P. 790; Watson v. State, 6 Okla. Cr. 624, 117 P. 651; Welch v. State, 38 Okla. Cr. 300, 260 P. 787; Brown v. State, 18 Okla. Cr. 328, 194 P. 272.

This court does not look with favor to the dismissal of appeals by reason of technicalities or irregularities in the proceedings. Section 535, Okla. Stats. 1931, Okla. St. Ann., tit. 12, § 959, p. 354, gives appellate courts the right to return the record to the trial court for the purpose of correct-

ing errors or defects. When this can be done, counsel representing a defendant, or the state, should call the court's attention to this matter to the end that both the state and the defendant, who has been convicted of a crime and desiring to appeal, may have the same passed upon on its merits. The evidence in this case reveals that defendant forged a check for $242.50 on one Mose Stevenson; that he procured this money from the Central National Bank of Aline, Alfalfa county. The defendant was manager of the Farmer's National Grain Corporation of Aline, and Mose Stevenson sold the wheat which he raised to this company. Defendant admitted signing the check, but contends that he had the authority to sign the same. This issue was passed upon by the jury and they found against the defendant.

We have examined the record. The information is in proper form; the instructions of the court properly submitted the law of the case; and the evidence was sufficient to sustain the verdict. We do not find any fundamental error was committed in the trial of this case.

For the reasons above stated, the appeal is dismissed.

DAVENPORT, P. J., and DOYLE, J., concur.